UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RENE JAIME and MARIA PATROCINIO LAMAS RAMIREZ, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | EP-21-CV-00161-DCG |
| ANTONY BLINKEN, ERIC S. COHAN, ALEJANDRO MAYORKAS, and MERRICK B. GARLAND, | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Antony Blinken, Eric S. Cohan, Alejandro Mayorkas, and Merrick B. Garland's "Motion to Dismiss" (ECF No. 9) and Plaintiffs Rene Jaime and Maria Patrocinio Lamas Ramirez's "Motion for Extension of Time to Serve Defendant[s]" and Response to Defendants' Motion to Dismiss (ECF No. 10). After due consideration of the Parties' arguments, the Court GRANTS Defendants' motion to dismiss and DENIES Plaintiffs' motion for extension of time.

### I.   BACKGROUND

Plaintiffs filed their Complaint on July 8, 2021. ECF No. 1. Summonses were issued as to all Defendants on the same day. ECF No. 3. The case then sat silent until October 12, 2021. On that day, the Court *sua sponte* issued an Order to Show Cause (ECF No. 4) as to why Plaintiffs had failed to file proof of service with the Court.

In the show cause order, the Court explained that Federal Rule of Civil Procedure 4(m) requires Plaintiffs serve Defendants within ninety (90) days after filing their Complaint. ECF No. 4 at 1. And Rule 4(l)(1) requires proof of service to be made to the Court unless otherwise

- 1 -

waved. *Id.* Defendants had not filed proof of service within the 90-day deadline, which fell on

October 6, 2021. The Court gave Plaintiffs until October 15 to advise whether they had served

Defendants and, if they had not, to serve Defendants by October 29, 2021. *Id.* at 2.

On October 12, Plaintiffs filed only some of the required documents. They filed return

executed summonses for three of the four Defendants, leaving out summons for Defendant Eric

S. Cohan. ECF No. 5. And Plaintiffs did not file any proof of serving the United States under

Rule 4(i)(1) of the Federal Rules of Civil Procedure. *Id.*; Mot. at 2.

Three days later Plaintiffs filed a response to the Court's Order to Show Cause. ECF No.

6. In their response, Plaintiffs explained that they were working with a process server to correct

service on the United States and were facing trouble serving Defendant Cohan at the U.S.

Consulate in Ciudad Juarez, Mexico. *Id.* at 1–2. But Plaintiffs assured the Court that they were

working on "other avenues" to serve Defendant Cohan. *Id.* at 2. Plaintiffs later filed a

supplemental response to the Court's Order to Show Cause. ECF No. 7. In it, Plaintiffs

explained that they again sent service to the United States. *Id.* at 1. And they provided an

affidavit from the process server regarding failed attempts to serve Defendant Cohan. *Id.* Ex. B.

The United States, however, did not receive corrected service. Mot. at 2. It only

received summons issued to Defendant Garland. *Id.* So, on November 2, 2021, the United

States sent Plaintiff a letter (and filed that letter with the Court) advising them of incomplete and

improper service under Rule 4(i). ECF No. 8. In that letter, the United States explained how to

effectuate service and provided the address Plaintiffs would need to send the summonses and

complaint to. *Id.*

Having not received perfected service by November 23, 2021, Defendants filed their

present motion to dismiss. ECF No. 9. On December 3, 2021, Plaintiffs responded to the motion

to dismiss by filing a motion for extension of time to serve Defendants.  ECF No. 10.  On

December 6, 2021, Defendants filed a reply.  ECF No. 11.  To this day, Plaintiffs have not filed

any update with the Court.

## II.   ANALYSIS

Defendants bring their Motion under Rule 12(b)(5) of the Federal Rules of Civil

Procedure.  A Rule 12(b)(5) motion challenges the sufficiency of service of process.  Fed. R.

Civ. P. 12(b)(5).  The proper result thus "turns on the legal sufficiency of the service of process."

*Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (per curiam).

There are specific requirements for service of process when the United States is involved.

When, as here, a plaintiff names an officer of the United States as a defendant, that plaintiff is

required to serve both the United States and the officer.  Fed. R. Civ. P. 4(i)(2).  To serve the

United States, a plaintiff must "deliver a copy of the summons and of the complaint to the United

States attorney for the district where the action is brought," or they must follow one of the

alternatives prescribed by Rule 4(i)(1).  *Id.* at 4(i)(1).  When a plaintiff fails to properly serve the

United States, is given additional time to correct that service, and still fails to correct their error,

dismissal for insufficiency of service is warranted.  *Flory v. United States*, 79 F.3d 24, 25–26

(5th Cir. 1996) (per curiam).

The holding in *Flory* applies here.  Plaintiffs have continually failed to properly serve the

United States under Rule 4(i).  Plaintiffs missed their first deadline under Rule 4(m).  *See* ECF

Nos. 5 & 7.  The Court then *sua sponte* gave Plaintiffs a little over three additional weeks from

the original 90-day deadline to complete service.  ECF No. 4.  They missed that deadline as well.

The United States then sent a letter to Plaintiffs notifying them of defective service.  ECF No. 8.

Still having not received corrected service three weeks after sending the letter—and nearly seven

weeks after the Rule 4(m) deadline—the United States moved to dismiss this case.  ECF No. 9.

To this day, Plaintiffs have filed no update with the Court. Given the persistent failure to properly serve the United States, the Court concludes this case should be dismissed.

In reaching that result, the Court necessarily concludes that Plaintiffs' motion for additional time to perfect service should be denied. Although Plaintiffs show good cause for their failure to properly serve Defendant Cohan, they have not shown good cause for their failure to properly serve the United States pursuant to Rule 4(i)(1). Unlike the affidavit describing Defendant Cohan's seeming obstinance in the face of service, ECF No. 7 Ex. B, Plaintiffs do not provide an adequate explanation for their failure to properly serve the United States under Rule 4(i)(1). And the Court finds it notable that Plaintiffs did not request additional time until Defendants moved to dismiss this case, even though Plaintiffs were well aware that service of process defects persisted past the court-imposed deadline to correct those defects. The Court thus concludes that Plaintiffs have failed to show good cause for their failure to properly serve the United States under Rule 4(i)(1).[1]

## III.    CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants Antony Blinken, Eric S. Cohan, Alejandro Mayorkas, and Merrick B. Garland's "Motion to Dismiss" (ECF No. 9) is **GRANTED**. Plaintiffs Rene Jaime and Maria Patrocinio Lamas Ramirez's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs "Motion for Extension of Time to Serve Defendant[s]" (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the District Clerk shall **CLOSE** this case.

---

[1] Plaintiffs do not argue that, if their action is dismissed without prejudice, they would be barred by the statute of limitations from refiling. If the statute of limitations did bar Plaintiffs from refiling, the Court would likely view this case differently. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008).

- 4 -

So ORDERED and SIGNED this 2ⁿᵈ day of May 2022.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE